## MARGARET KESLER *et al.*

### *v.*

## WILLIAM PENNINGER.

1. INFANTS *can only appear by guardian.* It has been held that a minor can only appear to defend a suit .by guardian, and not in person or by attorney.

2. GUARDIAN AD LITEM *must be appointed.* It is clearly the duty of courts to appoint a guardian *ad litem* for minor defendants, when there is not a guardian appearing and defending for them. And in such a case it is error to proceed to trial without appointing a guardian *ad litem.*

WRIT OF ERROR to the Circuit Court of Union county ; the Hon. JOHN H. MULKEY, Judge, presiding.

This was an action of ejectment, brought by William Penninger against Margaret Kesler and others, to recover the possession of certain premises, of which the plaintiff claimed to be the owner in fee. A trial by jury resulted in a verdict and judgment for the plaintiff. The defendants bring the record to this court.

Mr. JOHN DOUGHERTY, for the plaintiffs in error.

Messrs. CRAWFORD & WARE and Mr. G. W. WALL, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, commenced by Penninger against plaintiffs in error. It is not disputed that John Kesler owned the land in fee at the time of his death. He, by will, devised the land in controversy to his wife during her natural life, and at her death, to his grand daughter, Susan Clementine Penninger, in fee. Her marriage with plaintiff below was proved, also her death, leaving a child, the fruits of the marriage, surviving her. The death of the child was also proved, and that the widow of testator had died. And plaintiff below now claims to own the land in fee as the heir at law of his deceased child.

It appears that all the defendants in the suit below were minors, and it fails to appear that any guardian *ad litem* was appointed to defend for them, or that they had a guardian who appeared in the case. In *Peak* v. *Shasted*, 21 Ill. 137, it was held, that a minor can only appear, to defend a suit, by guardian, and not in person or by attorney. The statute has, in numerous cases, authorized and fully empowered the courts to appoint a guardian *ad litem* for minor defendants, and it is clearly the duty of the court to do so, when there is not a guardian appearing and defending for them. And in such a case it is error to proceed to trial without appointing a guardian *ad litem*. It is not a question whether the minors are liable for a trespass in entering the close in controversy, but it is, whether that question can be tried until there is service upon the regular guardian or a guardian *ad litem* has been appointed.

We have seen that it is error to try such a cause without a guardian for the minor defendants, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*