DECATUR C. MILLARD

*v.*

WILLIAM W. MARMON.

*Filed at Springfield May 14, 1886.*

1. INFANCY — *as a defence against a judgment rendered without a guardian ad litem having been appointed.* A plea to an action of debt upon a judgment of a justice of the peace, that at the time of the rendition of the judgment the defendant was an infant within the age of twenty-one years, and that said cause of action upon which the judgment was rendered did not originate or accrue to plaintiff by reason of any tort committed by the defendant, or for any necessaries furnished to defendant, and that no guardian *ad litem* was appointed for him by said court in which the cause was pending and judgment rendered, to appear before him and set up his lawful defences, is bad on demurrer, presenting no defence to the action.

2. The judgment so rendered by the justice against the minor without the appointment of a guardian to defend, in a case where the court has jurisdiction of the subject matter of the suit and of the person of the defendant, is not void, but only voidable.

WRIT OF ERROR to the Appellate Court for the Third District ;—heard in that court on appeal from the Circuit Court of DeWitt county ; the Hon. LYMAN LACEY, Judge, presiding.

Mr. GEORGE B. GRAHAM, for the plaintiff in error:

In *Whitney* v. *Porter*, 23 Ill. 445, the court hold that although there was service on a minor defendant, yet without the appointment of a guardian *ad litem* the court failed to obtain jurisdiction, and held the judgment void. The court in other cases hold this omission to be an irregularity,—an error, in fact,—and voidable, only. *Peak* v. *Shasted*, 21 Ill. 137; *McDaniell* v. *Correll*, 19 id. 226; *Mains* v. *Casner*, 62 id. 465; *Kesler* v. *Penninger*, 59 id. 134.

Section 67, chapter 110, of the Revised Statutes, provides that all errors in fact committed in the proceedings of any case, in any *court of record*, may be amended in such court; but the act, being expressly limited to courts of record, does not extend or apply to justices of the peace.

As the defendant could neither remove the record by appeal or *certiorari*, and could not correct the error by motion, it is insisted the plea is a good defence, otherwise the law affords no protection to an infant.

Messrs. MOORE & WARNER, for the defendant in error:

The plea of infancy is a personal plea, which may be waived; and a judgment against an infant, where the court has jurisdiction of his person and the subject matter, is as obligatory upon him as though he were an adult. Cooley's Const. Lim. (4th ed.) 510, 511; *Blake* v. *Douglass*, 27 Ind. 416; *Townsend* v. *Cox*, 45 Mo. 401; *Milne* v. *Van Buskirk*, 9 Iowa, 558; *Waring* v. *Reynolds*, 3 B. Mon. 59; *Porter* v. *Robinson*, 3 A. K. Marsh. 254; *Joyce* v. *McAvoy*, 31 Cal. 273; *Trapnall* v. *State Bank*, 18 Ark. 63; *Walker* v. *Sleight*, 30 Iowa, 326; 4 Wait's Actions and Defences, 196; *Austin* v. *Trustees*, 8 Metc. 196; Freeman on Judgments, secs. 151, 513; *Lemon* v. *Sweeney*, 6 Bradw. 507.

Judgment against an infant must be avoided by him during his minority, and if it is not so avoided by a direct proceeding in the nature of a writ of error, he will not be allowed

to dispute it. *Tucker* v. *Moreland,* 10 Pet. 71; Tyler on Infancy, p. 64, sec. 25.

Plaintiff in error had his remedy by motion, by appeal and *certiorari,* and shows no excuse for failing to avail of either one. If the failure to appoint a guardian *ad litem* was error, he could have availed himself of it, by motion, before the justice. *Beaubien* v. *Hamilton,* 3 Scam. 213; *Peak* v. *Shasted,* 21 Ill. 137; *McKindley* v. *Buck,* 43 id. 488; *Mains* v. *Casner,* 62 id. 465.

The justice obtained jurisdiction of the defendant (plaintiff in error here) and the subject matter of the suit by the statute and the issuance and service of the summons, and any error in his proceedings, such as a failure to appoint a guardian *ad litem,* does not render the proceeding, or his judgment, void. 4 Wait's Actions and Defences, 196; 7 id. 194; *Carter* v. *Walker,* 2 Ohio St. 339; *Lessee* v. *Burnett,* 18 id. 547; Tyler on Infancy and Coverture, 206, and authorities cited.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of debt, brought by William W. Marmon, in the circuit court of DeWitt county, against Decatur C. Millard, on a judgment which the plaintiff had recovered before a justice of the peace on the 8th day of December, 1877, against Millard and one Edmiston, since deceased. To the declaration the defendant interposed a plea of infancy, as follows:

"And for further plea in this behalf, defendant says that the plaintiff ought not to have his aforesaid action against him, the defendant, because he says that at the time of the rendition of the judgment in the plaintiff's declaration mentioned, he, the said defendant, was an infant within the age of twenty-one years, to-wit, of the age of nineteen years, and that said cause of action upon which said judgment was rendered did not originate or accrue to plaintiff by reason of any

*tort* committed by said defendant, nor for any necessaries furnished to defendant, and that no guardian *ad litem* was appointed for him by said court in which said cause was pending, tried and judgment rendered, to appear for him and set up his lawful defences to said action. And this the defendant is ready to verify, wherefore he prays judgment," etc.

The court sustained a demurrer to the plea, and a judgment was rendered in favor of the plaintiff. The ruling of the court on the demurrer is the only question presented by the record.

The justice of the peace before whom the judgment was rendered against Millard had jurisdiction of the subject matter, it having been conferred by statute. Jurisdiction over the person was acquired by service of summons. The justice, therefore, when the judgment was rendered, had jurisdiction of the subject matter and of the person, and when such is the case, it is a principle of law well settled that the judgment, although erroneous, is valid until reversed or vacated in a direct proceeding. Cooley, in his work on Constitutional Limitations, sec. 408, says: "When it is once made to appear that a court has jurisdiction both of the subject matter and of the parties, the judgment which it pronounces must be held conclusive and binding upon the parties thereto and their privies, notwithstanding the court may have proceeded irregularly, or erred in the application of the law to the case before it. It is a general rule that irregularities in the course of judicial proceedings do not render them void. * * * And if a party claims to be aggrieved by this, he must apply to the court in which the suit is pending to set aside the proceedings, or to give him such other redress as he thinks himself entitled to, or he must take steps to have the judgment reversed by removing the case for review to an appellate court, if any such there be. Whenever the validity of the proceedings arises in any collateral suit, he will be held bound by them to the same extent as if in all respects the court had

proceeded according to law. An irregularity can not be taken advantage of collaterally,—that is to say, in any other suit than that in which the irregularity occurs,—or on appeal or process in error therefrom."

The question has often been raised in the courts of the different States as to the validity of a judgment rendered against a minor where no guardian has been appointed to defend for the minor, and so far as we are advised the decisions are uniform that such judgment is not void, but only voidable. *Trapnall* v. *Bank*, 18 Ark. 63; *Townsend* v. *Cox*, 45 Mo. 401; *Blake* v. *Douglas*, 27 Ind. 416.

In *Peak* v. *Shasted*, 21 Ill. 137, (a case where a judgment was rendered against a minor in an action at law,) it was held that a minor could only appear and defend by a guardian, and if the minor failed to appear and have a guardian appointed, it was the duty of the court to appoint one to defend the action. The court also held that a judgment rendered against a minor without the appointment of a guardian, was not void, but merely voidable. In *Kesler* v. *Penninger*, 59 Ill. 134, the rule announced in the case last cited was approved, and it was held to be error to proceed to a trial without the appointment of a guardian. Here, the judgment having been rendered against a minor without the appointment of a guardian to defend the action, may be regarded as erroneous or voidable, but we are aware of no well considered case which holds that such a judgment, when called in question collaterally, as here, is void. As said before, the justice had jurisdiction of the subject matter and of the person, and although the judgment was erroneous or voidable, it can not, under any well settled rule of law, be held to be void in a collateral proceeding.

*Whitney* v. *Porter*, 23 Ill. 445, has been cited as an authority sustaining the view of plaintiff in error. The validity of the judgment in that case arose collaterally, and it was held to be void, but the decision is based upon the ground that there

was no such service as required by the statute, and hence the court in which the judgment or decree was rendered acquired no jurisdiction of the persons of the defendants. Some remarks were made in the decision of the case which would seem to sustain the view of plaintiff in error; but what was said on that subject was not necessary to a decision of the case, and we do not regard it as authority here. If there was no service, of course the court had no jurisdiction of the person, and the judgment would be void. When that was determined, the question involved was conclusively settled. We do not think *Whitney* v. *Porter* has any bearing here.

It is urged that plaintiff in error ought to have a remedy somewhere to impeach the judgment which was rendered against him. What his remedy is, or in what court it should be insisted upon, are questions which do not arise here, and we do not regard it as a part of our duty to volunteer advice on the subject.

The judgment of the Appllate Court will be affirmed.

*Judgment affirmed.*