## Boston Tailoring House v. Edward Fisher et al.

1. CORPORATIONS—*Power of President to Confess Judgment.*—The president of a corporation has no authority to execute a power of attorney authorizing the confession of a judgment against it, but where suit is regularly brought against the corporation and service duly had upon it, if the claim is just and the corporation has no defense, it is not the duty of the president to deny its justness or to defend the same.

2. SAME—*Power of President to Employ Counsel.*—When a corporation is sued, the president has power to employ an attorney to look after its interests in the suit.

3. PRACTICE—*Cognovit Actionem.*—The proceeding known as a *cognovit actionem* (he has confessed the action), was a practice known at the common law and not necessary to be authorized by statute.

4. JUDGMENTS—*Motions to Vacate—Merits Must be Shown.*—Upon application to set aside a judgment, the court acts upon equitable grounds; merits must be shown.

5. JURISDICTION—*By General Entry of Appearance.*—When a party appears in a cause and makes motions without limiting his appearance, the court has jurisdiction of the party for all purposes of the suit.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 24, 1895.

Boston Tailoring House v. Fisher.

### STATEMENT OF THE CASE.

The following statement of facts is taken from the abstract of the cause prepared by appellant:

" Praecipe in the case of Edward Fisher et al. v. Boston Tailoring House. Action, assumpsit. Damages, $500. Filed February 2, 1895.

Summons issued February 2, 1895. Same returned: Served defendant, Boston Tailoring House, by delivering copy to D. Regensberg, president of said company, February 2, 1895. James Pease, sheriff, by Charles McMahon, deputy. Filed by clerk February 8, 1895.

Declaration, consolidated common counts and affidavit by Frank S. Donahue, of amount due, $429.40, filed February 2, 1895.

February 4, 1895. This day comes the defendant, by its attorney, and enters its appearance in writing, waives service of process and says it can not deny the action of the plaintiffs as alleged in the plaintiffs' declaration filed in said cause, and consents that judgment be rendered herein against it and in favor of the plaintiffs for the sum of four hundred and twenty-nine dollars and forty cents; on motion of plaintiff's attorney, it is ordered final judgment be rendered herein accordingly. Therefore it is considered by the court that the plaintiffs do have and recover of and from the defendant said sum of four hundred and twenty-nine dollars and forty cents, together with their costs and charges in this behalf expended, and have execution therefor.

February 4, 1895. Motion of defendant's attorney, sheriff of Cook county enjoined from moving merchandise of defendant in store at 134 S. Clark street, until 10 A. M., February 5, 1895.

February 16, 1895. Appeal prayed and allowed by defendant from judgment, to the Appellate Court of Illinois, in and for the First District, upon filing an appeal bond for $900, to be approved by the court, together with bill of exceptions, within twenty days. Motion by defendant to

amend record and to set aside judgment entered and contin-
ued to the February term of the Circuit Court.

February 16, 1895. Written motion of the Boston Tail-
oring House appearing specially by Moses, Pam & Ken-
nedy, its attorneys, to vacate judgment rendered February
4, 1895.

February 16, 1895. Written motion filed by defendant,
by Moses, Pam & Kennedy, its attorneys, to amend the
record of the judgment entered on February 4, 1895, and
in support of the said motion, offers affidavits on file in said
cause and the minutes of the clerk upon the wrapper con-
taining the files of said cause and upon his minute book.

February 18, 1895. Cause comes on to be heard upon
defendant's motion to set aside judgment rendered in said
cause; court orders that leave be and is hereby given defend-
ant to plead herein February 21, 1895, the judgment rendered
to stand as security. It is ordered that the plaintiffs are
required to file bill of particulars by February 21, 1895.

February 25, 1895. Defendant, by his attorney, comes
and declines to plead, and states in open court that he does
not desire trial on the merits. Thereupon the defendant
enters its motion to set aside order of February 18, 1895,
which motion is overruled and denied. Ordered that order
staying execution be set aside and vacated.

February 27, 1895. Motion defendant's attorney, sheriff
of Cook county required to release levy, made under and
by virtue of execution issued in said cause, and execution
recalled.

### BILL OF EXCEPTIONS.

On February 4, 1895, before his honor, Judge Hanecy,
came the plaintiffs, by Knight & Brown, their attorneys, also
D. Regensberg, in person and by his attorney, and there-
upon the said D. Regensberg was examined in open court
by the court, and stated that he was president of the Boston
Tailoring House; that he was the owner of a majority of
the stock of the company; that the company was indebted
to the plaintiff in the amount of the affidavit attached to
the plaintiff's declaration, and he consented to judgment
being entered in said cause for said amount. And thereupon

the court directed judgment to be entered in said cause for the sum of $429.40.

The court certifies that the foregoing was all the evidence offered by the parties and heard by the court, and all the proceedings had before the court at and prior to the entry of the judgment as aforesaid."

Affidavits, etc., follow this.

Moses, Pam & Kennedy, attorneys for appellant.

Knight & Brown, attorneys for appellees.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

That the president of a corporation has no authority to execute a power of attorney authorizing one to confess judgment for it, is undisputed.

In the present case suit was regularly brought against the corporation, and service was duly had upon it by, as the statute points out, reading the summons to the president of the company.

Such being the situation, what was the duty and what the power of the president?

If the claim was just and the company had no defense thereto, it was not his duty to deny its justness or to defend the same.

A man of high moral sense does not lie concerning claims against him, or make unmeritorious defenses to suits brought thereon; and we are not willing to concede that duty to a corporation can call upon its president to lie concerning claims against it.

In court or out of it, if the president of the company spoke concerning this claim, it was becoming in him to acknowledge its justice. Nothing in the record tends to show that in saying that the company had no defense thereto, the president spoke anything save the plain truth. He had also the power to testify against it.

The company having been sued, he had the power to employ an attorney to look after its interests in such suit (Wetherbee v. Fitch, 117 Ill. 75); this he did.

The attorney, on consultation with the president, by his acquiescence, concluded to confess the action and sent another attorney to go into court with the president and do so.

So by the appearance of its president, acknowledging the justness of plaintiff's claim and the action of defendant's attorney, judgment was entered February 4th.

The proceeding was what is known as a *cognovit actionem* (Tidd's Practice, 559); a practice known at the common law and which it is not necessary should be authorized by statute. Black on Judgments, Sec. 50.

Under the statute and the rules of the Circuit Court, had no plea been filed by defendant, plaintiff would have been entitled to a default, and could have taken judgment on the morning of February 20th.

The defendant, by its attorney, appeared February 16th, and asked that the judgment be vacated, the attorneys limiting the appearance to such motion. This motion came on to be heard February 18th, and the court thereon ordered that leave be given the defendant to plead in said cause, the judgment to stand as security; and on that day the defendant by its attorneys obtained a rule on the plaintiff to file a bill of particulars by February 21st.

Whatever it may urge as to what was done February 4th, the defendant can not on this appeal well contend that February 18th the court did not have jurisdiction over the corporation.

The application made by the defendant recognized the complete jurisdiction of the court over the cause.

The defendant had then, apparently, obtained what it desired—an opportunity to be heard on the merits. It was not until February 25th that it declined to plead, and stated that it did not desire a trial on the merits.

In Chamberlain v. Mammoth Mining Co., 20 Mo. 96, it was held that the president of a corporation, being the person appointed by law to defend it, was competent, suit having been brought, to appear and confess the action. The court said: "He might have suffered a judgment by default, and the matter is not made worse by an appearance and confession."

We do not feel called upon to express an opinion as to the power of a president of a corporation to, after suit brought, appear and confess in such case, or to employ an attorney and authorize him to confess judgment.

Upon applications to set aside judgments the court acts upon equitable grounds; merits must be shown.   Colson v. Leitch, 110 Ill. 508; Heir v. Kauffman, 134 Ill. 225; Farwell v. Houston, 151 Ill. 246; Seaver v. Seigel, 54 Ill. 632; Black on Judgments, Sec. 329.

In the present case if the court ought not to have entered judgment February 4th, it ought to have allowed the plaintiff to take default and have a judgment February 25th, when the defendant declined to plead.

The utmost that the defendant can, on this record, claim, is that judgment should have not been entered before February 20th.

The judgment entered February 4th was not void; it was at the most erroneous.   The court had jurisdiction by due service of process of the default.   Lyons, Town of, v. Cooledge, 89 Ill. 529; Millard v. Marmon, 116 Ill. 649.

Counsel urge that this appeal is from the judgment and not from the order allowing the defendant to plead.

It is only by virtue of a bill of exceptions that anything appears to invalidate such judgment or by reason of which it can be set aside; this bill of exceptions shows that anterior to the perfection of the appeal prayed February 16th, the defendant appeared and made motions, without limiting its appearance, and that when the court had full jurisdiction over the cause it acted upon and granted motions of the defendant, at a time when, for want of a plea by defendant, the plaintiff was entitled to judgment.

Indeed, even on February 25th, when the defendant declined to plead, and stated that it did not desire a trial on the merits, the court had full jurisdiction, the appeal not having been perfected until February 29th.

The defendant seemingly sought to experiment with the court.   February 16th it prayed and was allowed an appeal from the judgment, on filing bond in the sum of $900

within twenty days. Upon the same day, February 16th, it moved to vacate the judgment and to amend the record thereof. February 18th its motion to set aside the judgment came on to be heard, and in support thereof the defendant filed affidavits. February 18th it obtained a rule for a bill of particulars and leave to plead to the plaintiff's action. February 25th it moved to set aside the order of February 18th. February 27th it asked that the sheriff be required to release the levy made under an execution ssued in said cause, and that such execution be recalled, and such an order was, at its request, made. February 29th it perfected its appeal; and now urged that its appeal being from the judgment itself and not from the order of February 18th or that of February 25th, the judgment record is to be treated as if the record of judgment entered February 4th contained all that is set forth in the bill of exceptions and had been made February 4th without interposition or action of the defendant in any manner.

We do not think that the defendant can have the benefit of what is set forth in the bill of exceptions with the inference the defendant seeks to draw therefrom without the entire record being considered.

Appellant appealed to the equitable powers of the court and it can not now make use of only such portion of the record made in such interposition as suits its convenience.

We are not, upon this appeal, dealing with the right of a third party, but with the claim of the defendant that upon this record, a great part of which was made at its instance and upon its appeal to the equitable powers of the Circuit Court, it is entitled to have this judgment set aside. Upon this appeal we are confronted with the fact that appellant has not only failed to show, but declined to have the cause heard upon the merits; and that only by its application to the equitable powers of the court has it been made to appear that there was any technical ground for setting aside the judgment, while by such application it appears that the defense is without merit.

The judgment of the Circuit Court is affirmed.