## Fred Krickow v. Pennsylvania Tar Mfg. Co.

87    653
213s  1381

1. RELEASE OF ERRORS—*In Warrant of Attorney to Confess Judgment.*—A release in a warrant of attorney to confess a judgment and a cognovit expressly releasing all errors intervening in entering the judgment is conclusive against the defendant, unless for lack of jurisdiction in the court to enter the judgment, or of lack of power under the warrant to confess it.

2. JUDGMENTS BY CONFESSION—*Motions to Vacate.*—A motion to vacate a judgment entered by confession, is an appeal to the equitable jurisdiction exercised by courts of law over judgments by confession, and where such equitable jurisdiction is invoked, a judgment by confession will not be set aside except for equitable reasons made to appear.

3. INFANTS—*When Not to be Relieved from Their Contracts.*—Where an infant, engaged in business on his own account, gave a judgment note for a small balance remaining due and unpaid of large dealings, running through several years, upon which judgment was entered, made a motion to vacate the judgment upon the ground that an infant is not liable upon his contracts, but made no offer to pay the balance due upon the amount, and asked the application in his behalf of the rule of law of non-liability for his contracts, the court below properly refused to vacate the judgment.

**Motion to Vacate a Judgment.**—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed February 27, 1900.

WILLIAM SCHULZE, attorney for appellant.

CHAS. W. LAMBORN, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This appeal is said by appellant, in his statement of facts preceding his brief, to be "from a judgment of the Superior Court in favor of the defendant in error, and against the plaintiff in error, for $92.38. Also from an order of court overruling the motion made by the appellant to vacate the judgment and to appoint a guardian *ad litem* to defend said case."

The correctness of such statement is denied by appellee,

and the record sustains the denial in so far as a motion for the appointment of a guardian *ad litem* for appellant, and the overruling of the same, is concerned. We find nothing in either the abstract or the record that shows such a motion or any action by the court with reference thereto. Indeed, it is not at all certain what this appeal is from.

The record shows that from an overruling of " defendant's motion to vacate the judgment herein," an appeal was prayed and allowed, but the only appeal bond filed, recites the praying and obtaining of an appeal from the money judgment of $92.38, and not from any other judgment or order.

That judgment was obtained by confession, upon a declaration, note, warrant of attorney and a cognovit. The cognovit followed the power contained in the warrant of attorney and expressly released all errors intervening in entering the judgment, and the effect of such a release of errors is conclusive against the appellant, unless for lack of jurisdiction in the court to enter the judgment, or of power under the warrant to confess the judgment. Hall v. Hamilton, 74 Ill. 437; Frear v. Commercial National Bank, 73 Ill. 473; Little v. Dyer, 35 Ill. App. 85.

It is not claimed, in argument, that the court did not have jurisdiction to enter the judgment, or that the power, under the warrant of attorney, to confess the judgment, did not exist, except in so far as those questions are involved in the claimed fact that appellant was a minor at the time. If the appeal is only from the money judgment, and not from the order overruling the motion to vacate the judgment, what we have said disposes of the case.

But, inasmuch as both sides treat the appeal as from the order overruling the motion to vacate the judgment, we will pass upon that aspect of the case.

A motion to vacate a judgment entered by confession, is an appeal to the equitable jurisdiction exercised by courts of law over judgments by confession, and where such equitable jurisdiction is invoked, a judgment by confession will not be set aside except for equitable reasons made to appear.

Packer v. Roberts, 140 Ill. 9; Boston, etc., v. Fisher, 59 Ill. App. 400.

Substantially the only equity of appellant which is made to appear against the judgment, has for its basis the common law rule that an infant is not liable upon his contracts, except for necessaries.

The appellant was in the roofing business in his own name, and the roofing material for which the note in question was given, was used by him in such business. According to his own affidavit, the note was for "a small balance remaining unpaid of large dealings, running through several years, with plaintiff."

Under such circumstances, even if it be conceded that appellant was under age, the proof of which is not conclusive, he should not be relieved, in equity, from his debt, without offering to do equity himself. He makes no offer to pay what the material was reasonably worth, but only asks the application in his behalf of the rule of law of nonliability for his contracts. We think the Superior Court properly refused to vacate the judgment. The claimed interlineations of the pronouns "I" and "me," and the word "ten," in the warrant of attorney, after the delivery of the note, were not proven with sufficient certainty, even if in any respect material to overcome the presumption against alteration in such respects, and the evidence to the contrary.

The judgment of the Superior Court should be affirmed, and it is so ordered.