## Fred Wettrick, Appellee, v. Daniel Martin and Edward Martin, Appellants.

1. INFANTS—*judgment.* A judgment against a minor who is not represented by his legal guardian or by a guardian *ad litem* is merely voidable and is subject to review in one of the ways provided by statute.

2. INFANTS—*effect of failure to appoint guardian ad litem.* It is the duty of the trial court to see that a minor defendant is properly represented, but the omission to appoint a guardian *ad litem* will not deprive the court of jurisdiction of the person of the minor or of the subject matter of the action.

3. INFANTS—*minor not represented by legal guardian or guardian ad litem.* A minor against whom judicial proceedings are taken should be represented by his legal guardian or a guardian *ad litem* appointed by the court, and proceedings had therein without such representation are irregular and furnish legal cause for reversal of the judgment or ground for motion in the trial court to vacate a judgment rendered if taken advantage of in apt time.

4. INFANTS—*setting aside judgment.* Where it is sought by petition to set aside a judgment, which was affirmed on appeal, on the ground that defendant therein was a minor whose legal guardian was not served and did not plead, and that no guardian *ad litem* was appointed, the appellate court cannot determine the question as to minority at the time of the trial in the original proceeding when the record in such proceeding is not before it, and in such case the presumption obtains that the court's action in that proceeding was correct.

5. PRACTICE—*what petition or motion submitted in place of writ of error coram nobis and governed by same rule.* A petition in the circuit court to set aside a judgment of such court, which was affirmed on appeal, on the ground the defendant in the former action was a minor and that petitioner as legal guardian was not served and did not appear and plead and that no guardian *ad litem* was appointed, is submitted

in the place of the writ of error *coram nobis* by Illinois practice and is governed by the same rule.

Appeal from the Circuit Court of Hancock county; the HON. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 18, 1913.

HARTZELL, CAVANAGH & BABCOCK, for appellants.

SCOFIELD & CALIFF, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

On December 31, 1910, an action in trespess for assault and battery was commenced in the circuit court of Hancock county by appellee against the appellants. The declaration, among other things, alleged that the appellants assaulted, beat and maltreated the appellee. Issue was joined and the cause heard, and on the 6th day of April, 1911, at the March term of the said court, a verdict was returned against the appellants in the sum of $1,000. A motion for new trial was filed, overruled and judgment entered by the court, against the appellants in the sum of the verdict. An appeal was duly perfected to this court, and, on October 14, 1911, a judgment was entered in this court affirming the judgment of the circuit court.

Afterwards, on November 21, 1911, a petition was filed in the said circuit court by the appellant Edward Martin and Nancy J. Martin, guardian of the said Edward Martin, setting forth that said Nancy J. Martin was appointed as guardian for the said Edward Martin and Nancy J. Martin, guardian of the said accepted and qualified as such guardian, that she was acting in that capacity when suit was begun against said Edward Martin and Daniel Martin in the cause above referred to, and setting out the various steps therein, and averring that no summons was ever served

upon her as such guardian; that no guardian *ad litem* was appointed for said Edward Martin and that said Edward Martin appeared by his attorneys and filed a plea, but that no plea was ever filed by said Nancy J. Martin, as guardian, or by any guardian *ad litem;* that said Edward Martin was a minor of the age of sixteen years and that because of his minority and the failure of the court to appoint a guardian *ad litem* or to bring said Nancy J. Martin in to answer as such guardian, the court was without jurisdiction to hear said cause; that the court, however, proceeded to the trial of the said cause by a jury empaneled for that purpose, and a verdict was returned against Edward Martin and Daniel Martin in the sum above set forth, for which judgment was rendered, from which an appeal was perfected to the Appellate Court for the Third District, where the said cause was then pending and undetermined. The petition prayed that the judgment so rendered against Edward Martin, minor, be set aside and vacated, and that said Nancy J. Martin, as guardian, be permitted to appear and defend for her said ward, against the alleged cause of action of the appellee, or that the court appoint a guardian *ad litem* to appear and defend said cause for said Edward Martin.

Affidavits were filed, in support of the said petition. The appellee appeared and filed answer to the said petition, admitting the guardianship and that said Edward Martin was a minor, admitted that such suit had been begun and tried and judgment rendered as set forth in the petition and that the appeal had been perfected to this court, but averred that this court had affirmed the judgment of the circuit court, and denied that there was then pending the appeal as alleged. The answer further denied that said Edward Martin was incompetent, and averred that he appeared in court in person and by counsel, that an ap-

peal was prayed and that said Nancy J. Martin signed the appeal bond of said Edward Martin and Daniel Martin as the only security; that Edward Martin filed a petition in the said Appellate Court setting up, among other things, that he had filed in said circuit court a petition, and praying that the Appellate Court would withhold final decision of said cause until he could be heard on said petition in said circuit court and that said Appellate Court had denied the said petition. The answer of appellee was supported by affidavits and documentary evidence.

The court appointed a guardian *ad litem* for said Edward Martin, who filed answer for him.

The cause was submitted to the court upon the petition, answer of appellee and the guardian *ad litem* for said Edward Martin, and the affidavits and documentary evidence in support of the respective pleadings and evidence heard, and the court found and ordered that the prayer of the petition be denied. Exceptions were taken to the rulings of the court, and this appeal perfected.

It is the settled law of this state that in all judicial proceedings against a minor, such minor should be represented by its legal guardian or a guardian *ad litem* appointed by the court, and all proceedings had therein without such representation for the minor are irregular and furnish legal cause for reversal of the judgment, or grounds for motion in the trial court for vacating and setting aside a judgment after it has been rendered, if taken advantage of within apt time. While it is the duty of the trial court to see that a minor defendant is properly represented, the omission to appoint a guardian *ad litem* will not deprive the court of jurisdiction of the person of the minor, or of the subject-matter of the suit. A judgment rendered against a minor who is not represented as the law contemplates,

is not void, but merely voidable and subject to review in one of the ways provided by statute.

In Black on Judgments, vol. 1, par. 193, the following rule is announced: "If a judgment is rendered by a court having jurisdiction of the parties and subject, it is held, by the great preponderance of the authorities, that it will not be void because the defendant was an infant and no guardian *ad litem* was appointed, although it will be irregular and liable to reversal on a proper proceeding for that purpose."

The same doctrine is recognized and announced in *Millard* v. *Marmon,* 116 Ill. 649.

In the case at bar the service upon the minor defendant was regular.

The question now presents itself whether, under the petition and motion and facts appearing in this record, the relief sought can be granted?

The only information disclosed by this record as to the minority of the appellant, Edward Martin, at the time of the former hearing, is to be found in the petition, answer, affidavits and papers pertaining to the appointment of the guardian. No part of the record in the original cause, which is here sought to be vacated and set aside, appears in this record. The question of whether the appellant Edward Martin appeared by a guardian *ad litem* is one which underlies the entire rights of said appellant, and can be determined by us only by an inspection of the record of the original suit. That record seems to be essential and indispensable to the decision of the question here at issue.

The question here involved was discussed at length in *Mains* v. *Cosner,* 67 Ill. 536, where it is said: "It is no answer to say that plaintiff in error swore that he had appeared only by attorney, and no affidavit was filed contradicting that statement; because, if a score of witnesses had sworn to the same statement, and the record showed to the contrary, the latter would pre-

vail. * * * Inasmuch as the fact as to how he appeared in the cause, whether by attorney or guardian, could be properly ascertained only by the record in that cause, and as he has seen fit not to have it brought up, he must fail in his assignment of error.

"A bill of exceptions is not, and never was, anything more than a statutory means of introducing into the record matters which, otherwise, would not be a part of it. We can scarcely conceive of a case under our practice where a bill of exceptions, embodying only such matters as can be brought into the record in that way, would, of itself, be sufficient in this court without a record proper."

It would seem from this authority that this court is powerless to determine the question of the minority of the appellant Edward Martin at the time of the trial had in the original proceeding, for the reason the record is not before us, and the presumption obtains that the action of the court in that proceeding was correct.

It further appears from the petition, answers and exhibits in this record, that the appellant Edward Martin prosecuted an appeal to this court, from the judgment here sought to be vacated, and that final judgment was herein rendered before the petition in this proceeding was filed in the trial court.

In *Mains* v. *Cosner, supra,* just above quoted from, in passing upon the question thus presented the court makes use of the following language: "It appears by the stipulation plaintiff in error had sued out of this court a writ of error to bring up the record in the original cause, and the judgment had been affirmed in this court. It is the settled rule of the English courts, that a writ of error *coram nobis* would not lie after affirmance in the appellate court."

By our practice such motion or petition as the one here made, is submitted in the place of the writ of

error *coram nobis,* and no reason appears why it should not be governed by the same rule.

For the reasons herein stated the action of the court below is approved and affirmed.

*Affirmed..*