Jessie Ridenour, Defendant in Error, v. Oren Johns and Paul Quindry, Minors, by John M. Quindry, their Next Friend, Plaintiffs in Error.

term, 1929. Heard in this court at the October Opinion filed May 21, 1930.

ENDICOTT & ENDICOTT and WHITE & QUINDRY, for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE WOLFE delivered the opinion of the court.

The defendant in error, Jessie Ridenour, plaintiff below, filed her suit in the circuit court of White county, Illinois, against Oren Johns and Paul Quindry, aged 9 and 13 years respectively. The plaintiff claims she was injured through the negligence of these two minor boys, who, while coasting on a sled, ran into her and knocked her down. A trial was had and a judgment entered against the defendants jointly for the sum of $100 and costs of suit.

The record in the case discloses that Oren Johns at the time of the accident was 9 years of age and Paul Quindry was 13 years of age. The record also discloses that no guardian *ad litem* was appointed by the court to represent either of these minor defendants. These minor defendants filed a motion for a new trial, one of the assignments of error being that the trial court erred in not first appointing for each of these de-

fendants a guardian *ad litem*. The court overruled the motion for a new trial and entered a joint judgment against each of the minor defendants.

The minor defendants by their next friend bring the case here for review upon a writ of error and assign numerous errors why the judgment of the circuit court should be reversed. We will not attempt to discuss all of the assigned errors as we feel that the. decision of the first assignment will dispose of the case in this court, viz: That the trial court erred in not appointing a guardian *ad litem* to represent each of these defendants.

In the early case of *Peak v. Shasted,* reported in vol. 21 Ill. at page 137, our Supreme Court decided that a minor must appear and defend his suit by a guardian *ad litem* appointed by the court, and if that is not done any judgment or decree entered against such minor is not void, but voidable. There is a long line of decisions that affirm this doctrine; *Kesler v. Penninger,* 59 Ill. 134, 135; *Millard v. Marmon,* 116 Ill. 649, 651; *White v. Kilmartin,* 205 Ill. 525; *Wettrick v. Martin,* 181 Ill. App. 94; *McCarthy v. Cane,* 301 Ill. 534; *Simpson v. Anderson,* 305 Ill. 172.

It was reversible error for the trial court to proceed with the trial of this case without first appointing a guardian *ad litem* to represent the minor defendants.

The judgment of the White county circuit court is hereby reversed and the cause remanded.

*Reversed and remanded.*