Cited in 1 Miles 49


# Mary Peart *against* Stephen Phipps.

Where there is a covenant on the part of the grantees to pay the ground rent free and clear of all assessments, they are not allowed to deduct the same from the rents due to the ground landlord.

THE following case was stated, as of March term 1802, for the opinion of the court.

The plaintiff by indenture dated 25th October 1773, granted and conveyed to the defendant, a certain lot of ground, situate on Sassafras street, between 5th and 6th streets, in the city of Philadelphia, in fee simple, reserving a rent of 13l. 10s. payable to the plaintiff, her heirs or assigns, on the 1st day of April annually for ever. And the said defendant for himself, his heirs, executors, administrators and assigns, did covenant, promise, grant

and agree to and with the said plaintiff, her heirs and assigns, that he, the said defendant, his heirs and assigns, should and would from time to time, and at all times thereafter, well and *truly pay or cause to be paid unto the said plaintiff, her heirs and assigns, the said yearly rent thereby reserved on the day and time therein before appointed for the payment thereof, clear of all charges and assessments whatsoever, and under the proportionable part of the yearly quit rent accruing for the thereby granted premises to the chief lord or lords of the fee.

*387]

The defendant by virtue of the deed aforesaid, entered into the premises aforesaid, and was and is still seized thereof. Subsequent to the date of the said indenture, sundry taxes have been levied and assessed, as well on the ground rent reserved as aforesaid, as upon the ground itself ; all of which the said defendant has paid, and claims a right to deduct those assessed upon the ground rent and which he has paid, from the arrears of rent claimed by the plaintiff ; to which the plaintiff objects, contending that she has a right to receive the said rent annually, free from the same taxes and all charges whatsoever. It is agreed, that at the time of executing the said deed, ground rents were not a distinct subject of taxation.

The question submitted to the court, was, whether the defendant was entitled to make the deduction claimed by him ?

The case was argued on the 22d December 1803, by Mr. Gibson for the plaintiff, and Mr. Rawle for the defendant. The following cases were relied on by the former, to prove that the ground landlord was exempted from taxation, by the terms of the covenant. Doug. 602, 624. 1 Salk. 198. 2 Salk. 615. 1 Ld. Ray. 318. 12 Mod. 166. Comb. 424, 466. 5 Mod. 368. It was said on both sides, that an usage had obtained with respect to the payment of taxes, on ground rents, where covenants had been inserted in the deeds, and similar to the case before the court, but they disagreed in their statement of this usage : whereupon the court recommended that the same should be ascertained by the verdict of a jury, which was mutually agreed to : after this method was adopted, the defendant died, and Thomas Phipps and Benjamin Kite, his executors, were substituted as parties to the suit.

The cause came on to trial at a Court of *Nisi Prius* on the 23d February last, on a declaration in covenant for non-payment of the rent charge ; to which the defendants pleaded covenants performed, with leave to give the special matter in evidence, without prejudice to the question of law. Several witnesses were examined, to ascertain what had been the practice as to the payment of taxes on ground rents, subsequent to their becoming distinct subjects of taxation (which was said to be in 1779) on deeds previously granted, with covenants that the grantees should pay the same clear of all assessments and

*charges ; but the instances of payment by the grantees were equal to those of payment by the ground landlords, and the matter was left *in equilibrio.*   The jurors were hereupon discharged by consent, and it was agreed, that the decision of the court should be given on the case before stated.

The case being afterwards called up in Bank, Mr. Rawle declared, that he could not contend the legal question in behalf of the executors defendants, independently of the usage of which they had failed in the proof ; and agreed that judgment should be entered for the plaintiff, on the case stated.

Judgment for the plaintiff.

Distinguished and explained in 54 Pa. 360.