GEORGE C. PEAK, Plaintiff in Error, v. JAMES S. SHASTED, Defendant in Error.

ERROR TO MACON.

A minor can only appear and defend a suit by his guardian. If the minor fail to appear, the plaintiff, before plea, should have a guardian *ad litem* appointed by the court.

If an infant appear in person, or by attorney, it is error in fact, which may be assigned in the court in which judgment may be rendered.

A judgment or decree against a minor without a guardian, or on appearance by attorney, is not void or voidable.

A judgment against a minor, to whom a guardian has not been appointed, may be set aside in the court where it is rendered, on motion. Where the judgment has been set aside, the defendant may make any defense he may be entitled to.

AT the July term, 1858, of the Macon Circuit Court, Shasted as assignee, obtained a judgment, by default, against Peak, a minor, on a note dated 28th March, 1858.

At the November term, 1858, Peak filed an affidavit of his father, showing that the said George C. Peak was born on fourth November, 1837, with notice to Shasted, and service of a copy of affidavit and time of motion—and by his attorneys entered a motion to reverse, withdraw, annul and for nothing hold, said judgment by default. The parties appeared by their respective attorneys, and on argument (the facts of the affidavit not being denied) the motion was denied and overruled, and the counsel of the said Peak excepted.

The error assigned is, the improper refusal of the court below to allow the motion of the plaintiff to reverse, withdraw, annul and for nothing hold, the said judgment by default.

D. A. AND T. W. SMITH, for Plaintiff in Error.

THORPE & TUPPER, for Defendant in Error.

WALKER, J. This was an action of assumpsit instituted in the Macon Circuit Court, on a note executed by Peak to William E. Shasted, and assigned by him to plaintiff below. Summons was duly issued and served to the July term, 1858, and at the return term, the defendant, failing to appear or plead, a default was entered, and a judgment rendered against him for the amount of the note and interest. At the November term following, Peak, after having given a notice, entered a motion to set aside the judgment, upon the grounds that he was, at the time the writ issued and the judgment was rendered, a minor under twenty-one years of age, and because no guardian appeared

or was appointed to defend the action. In support of the motion, he filed an affidavit of his father, from which it appears the defendant was a minor when the judgment was rendered, and for some months afterwards, but the court on the hearing overruled the motion. From this decision he appeals to this court.

The doctrine is familiar that a minor can only appear to defend by a guardian, and not in person or by attorney. And in case the minor fails to appear, to have a guardian appointed, it is the duty of the court, on application by plaintiff, to appoint a guardian, which, to be regular, must be done before plea. 2 McPherson on Infants, 359. And if an infant appear in person or by attorney, it is error in fact, and may be assigned in the court in which the judgment was rendered. 4 B. and Ad. 90 ; *Meredith* v. *Sanders*, 2 Bibb, 101. And a judgment or decree rendered without any guardian, or an appearance by attorney, is not void, but merely voidable on error brought. *Porter* v. *Robinson*, 3 A. K. Marsh. 253. It would then follow, that if the appellant was at the time of the rendition of this judgment, a minor, there was error in fact in its rendition, for the want of appearance by a guardian. The plaintiff should have applied to the court, if the defendant was a minor, and had a guardian *ad litem* appointed, and having failed to do so, he cannot object if the judgment is set aside, on its appearing that the defendant was a minor.

But it is urged that the only mode by which a judgment can be reversed for error in fact, is by writ of error *coram vobis*. That it may be done by this writ is true, but this court has repeatedly held that it may likewise be done by motion. *Slow* v. *The State Bank*, 1 Scam. R. 428 ; *Beaubien* v. *Hamilton*, 3 Scam. R. 213. By the former practice in England, it could alone be done by this writ, sued out of the court in which the supposed error existed ; and this writ is still in use in some of the States of the Union, while in many of them it has gone into disuse, and has been superseded by motion to amend. *Pickett* v. *Signwood*, 7 Pet. R. 148.

The objection that it is an error in fact, and should be tried by a jury, is we think without force. If the fact is disputed, the court can hear and dispose of the motion, and if there are grounds for doing so, set aside the judgment, and let the defendant in to plead, and then the fact would be tried by a jury. When the court sets aside the judgment and the party files his plea, the plaintiff may reply any matter in avoidance of the plea that he might have done, had the plea been filed on the return of the process. The court could only permit the defendant to plead the matter complained of as error in fact.

So it will be seen, whether the one or the other course be adopted, the end is the same, and they are only different modes of accomplishing the same end. It is like the setting aside a default, or granting a new trial; the court only decides upon the sufficiency of the application for setting aside the judgment, and the finding of the court on that motion is not evidence on the trial of the issue subsequently formed.

By the affidavit filed in this case, it appears that the defendant was a minor at the time the judgment was rendered against him, and the record fails to show that there was any appearance entered for him by a guardian, and this is error for which the judgment should be set aside, and the defendant be permitted to make any defense he may be entitled to, on the grounds of his supposed infancy.

The judgment of the Circuit Court in overruling the motion to vacate the judgment was erroneous, and should be reversed and the cause remanded.

*Judgment reversed.*