# ARMSTEAD MAINS

## v.

# JOSEPH COSNER.

1. ERROR IN FACT—*correction of, a matter of right.* The right of a party to have errors in fact corrected by the court in which they were committed, is recognized by this court as a common law right. This may be done by motion, at a term subsequent to the judgment.

2. SAME—*must be shown by original record.* Where the error in fact assigned was, that the defendant, who was an infant, appeared by attorney instead of by a guardian, the latter fact can be shown only by the record itself; it can not be shown by affidavits. And where the refusal of the court below to correct such error, is assigned for error of law in this court, the assignment will fail, unless the original record is brought up.

3. SAME—*can not be corrected after affirmance.* After the affirmance of a judgment in this court, errors of fact can not be corrected in the court below.

4. SAME—*contradicting the record.* It is an elementary rule that nothing can be assigned for error which contradicts the record. Therefore, whether a minor appeared by attorney, can be determined only by an inspection of the record itself.

WRIT OF ERROR to the Circuit Court of Cass county; the Hon. CHARLES TURNER, Judge, presiding.

This was an action on the case, by Joseph Cosner, against Armstead Mains, to recover damages for the seduction of plaintiff's daughter by the defendant. A trial was had, resulting in a verdict and judgment in favor of the plaintiff for $4000. From this judgment the defendant prosecuted a writ of error to this court. The case is reported in 62 Ill. 465. After affirmance in this court, the defendant entered his motion in the court below to set aside the judgment, for the reason that, at the time of the issuing and service of the summons, pleading and entering of judgment, he was a minor, under the age of twenty-one years, and that he appeared by

attorney instead of by guardian. The motion was over-ruled, and the defendant again brings the case here by writ of error.

Messrs. KETCHAM & POLLARD, for the plaintiff in error.

Mr. CYRUS EPLER, and Mr. HENRY E. DUMMER, for the defendant in error.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

In *McKindley* v. *Buck*, 43 Ill. 488, it was strongly intimated that a motion made at a term subsequent to that at which judgment was rendered, could not be sustained, though made to correct errors in fact as upon writ of error *coram nobis.* This was based upon the doctrine of *Cook* v. *Wood et al.* 24 Ill. 295, holding that the power of the court over its judgments was exhausted and ended by the close of the term at which they were rendered, except as to amendments in mere matter of form.

By the act in regard to practice in courts of record, sec. 66, (Laws 1871–72, p. 348,) it is provided: "The writ of error *coram nobis* is hereby abolished, and all errors in fact committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing made at any time within five years after the rendition of final judgment in the case, upon reasonable notice. Where the person entitled to make such motion shall be an infant, *feme covert, non compos mentis,* or under duress at the time of passing judgment, the time of such disability shall be excluded from the computation of said five years." This act went into force July 1, 1872.

The right of a party to have errors in fact corrected by the court in which they were committed, was recognized as a

common law right in *Sloo* v. *State Bank*, 1 Scam. 436, *Beau-bien* v. *Hamilton*, 3 Scam. 213, and *Peak* v. *Shasted*, 21 Ill. 137. These cases all hold that the party has the same right to have errors in fact corrected by motion in the same court as he would have upon writ of error *coram nobis* at common law. In *Beaubien* v. *Hamilton* it was assumed, and in *Peak* v. *Shasted* expressly decided, that infancy, during the pro-ceedings, and appearance by an attorney, or want of a guar-dian and appearance by him, constituted such error in fact. In the last mentioned case, the motion was made in the court below, at a term subsequent to the judgment, and it appear-ing, by the record in the original cause, that there was no guardian or appearance by one, and, by the affidavits on which the motion was based, that the defendant was, in fact, a minor, it was held, that the motion to have the judgment recalled should have been allowed, and the order denying it was reversed.

In this case, the motion was made April 11, 1872, after the close of the term at which judgment was rendered, but continued to and heard at the October term, 1872, when it was denied, and the defendant in the judgment making the mo-tion brings the matter to this court by writ of error, assign-ing for error the refusal of the court to grant such motion. It appears, from affidavits incorporated into the bill of excep-tions, that the original judgment was rendered at the October term, 1871 ; that defendant appeared by attorney, and not otherwise; and that, at the time of its rendition, he lacked some eight days of being twenty-one years of age. There was a stipulation entered into between the parties at the hearing of the motion, which is also preserved in the bill of excep-tions, to the effect that defendant caused the record in the original cause to be removed to this court by writ of error, and that, at the January term of this court, 1872, the judg-ment was affirmed.

We shall not enter into any discussion of the question whether a motion of this character could properly be made

after the lapse of the term at which the judgment was ren-
dered, irrespective of the statute of 1872, or whether that
statute applies to a motion in fact made before the act went
into force ; because, there are two controlling reasons why
we should not reverse the order of the court below denying
the motion.    The first is, that plaintiff in error has brought
up, in return to his writ of error, only a bill of exceptions
embodying the motion, notice, affidavits, stipulation and or-
der of the court upon the motion.    No part of the record in
the original cause is brought up.    It is an elementary rule,
that nothing can be assigned for error which contradicts the
record. *Wetmore* v. *Plant*, 5 Conn. 541 ; *Hill* v. *West*, 4 Yeates,
385.    The question whether or not plaintiff in error appeared
only by an attorney, is one which underlies the entire merits
of the application, and can be determined by us only by in-
spection of the record itself. That record was before the court
below, forming an essential and indispensable part of the
grounds of decision.    If indispensable there, it must be here,
in determining the correctness of that decision.    It is no an-
swer to say that plaintiff in error swore that he appeared only
by attorney, and no affidavit was filed contradicting that state-
ment ; because, if a score of witnesses had sworn to the same
statement, and the record showed to the contrary, the latter
would prevail.    The burden was upon plaintiff in error to
affirmatively show error in fact in the court below, and here
to show error in law in the decision which the lower court
made.    Inasmuch as the fact as to how he appeared in the
cause, whether by attorney or guardian, could be properly
ascertained only by the record in that cause, and as he has
seen fit not to have it brought up, he must fail in his assign-
ment of error.

A bill of exceptions is not, and never was, anything more
than a statutory means of introducing into the record matters
which, otherwise, would not be a part of it.    We can scarcely
conceive of a case under our practice where a bill of excep-
tions, embodying only such matters as can be brought into

the record in that way, would, of itself, be sufficient in this court without a record proper.

The second reason why we should not reverse is, that it appears by the stipulation plaintiff in error had sued out of this court a writ of error to bring up the record in the original cause, and the judgment had been affirmed in this court. It is the settled rule of the English courts, that a writ of error *coram nobis* would not lie after affirmance in the appellate court. *Lambell* v. *Prettyjohn*, 1 Strange, 690 ; *Burligh* v. *Harris*, 2 Strange, 975.

By our practice, the motion is substituted to the place of the writ of error, and we perceive no reason why it should not be governed by the same rule.

The order of the court below, denying the motion, will be affirmed.

*Judgment affirmed.*