# Estate of John C. Gould, Deceased, v. Mary C. Watson.

1. COSTS—*Rule upon Appellant to Pay Costs of Transcript and Appeal, is Proper.*—The order entered, which was in effect a rule upon appellant to pay the costs of the transcript and appeal in this case, was proper, and upon failure to comply therewith the court could dismiss the appeal.

2. WRIT OF ERROR CORAM NOBIS ABOLISHED—*Statutory Remedy.*—The writ of *coram nobis* was abolished by Sec. 67 of the Practice Act, and all errors in fact, committed in the proceedings of any court of record, and which by the common law could have been corrected by said writ, may now be corrected by the court in which the error was committed, upon motion in writing made at any time within five years after the rendition of final judgment in the case, upon reasonable notice, etc.

3. CORAM NOBIS—*Scope of the Writ.*—At common law, if a judgment in the King's Bench was erroneous in matter of fact only, and not in point of law, it could be reversed in the same court, by writ of error *coram nobis, or quæ coram nobis resident;* so called, from its being founded on the record and process, which are stated in the writ to remain in the court, etc.; as when the defendant, being under age, appeared by attorney, or the plaintiff or defendant was a married woman at the time of commencing the suit, or died before verdict or interlocutory judgment; for error in fact is not the error of the judges, and it is not reversing their own judgment.

4. JUDGMENT—*Against Party Dead or under Legal Incapacity, Void at Common Law.*—The principle that a judgment could only be valid when given between persons capable of being parties to a suit, is applied at common law, whether the judgment be against one not existing, or against one under legal incapacity.

5. ERROR IN FACT—*What Could Not Be Assigned as.*—Nothing can be assigned for error in fact that appeared and was adjudged in the former suit.

6. AMENDMENT OF RECORD—*By the Court after the Term.*—Amendment by the court of its own record and judgment after the term, is limited to corrections in affirmance of the judgment of the past term.

**Probate Proceedings.**—Trial in the Circuit Court of Cook County on appeal from the Probate Court; the Hon. ABNER SMITH, Judge, presiding. Verdict for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed February 23, 1899.

This cause was pending in the Circuit Court upon appeal from the Probate Court. It would seem from the record that appellant here, who was also appellant in the court

Estate of John C. Gould v. Watson.

below, had appealed from an order of the Probate Court, but had failed to perfect her appeal by filing a transcript of the record of the Probate Court, and had not paid the costs of the appeal. Thereupon the appellee procured and filed the transcript, paid the costs, and upon motion in the Circuit Court, obtained the following order to be entered on January 4, 1898 :

"It is ordered on motion of Cora I. Chadsey, that said Mary C. Watson, appellant, shall, on or before the 10th day of January, 1898, pay said appeal costs of seventeen dollars and fifty cents ($17.50) to said Cora I. Chadsey or her attorney, or to the clerk of the court; and in default of such payment of said appeal costs, said Chadsey may have the right to move to dismiss said appeal and suit for want of payment of said appeal costs on January 12, 1898."

Afterward, and on January 15, 1898, the suit was dismissed for failure of appellant to comply with this order.

No further order in the cause was entered at that term of the Circuit Court; but at the next February term a motion was entered to vacate the order and judgment of January 15, 1898. Upon this motion affidavits were filed showing tender to the clerk of the court of the amount required by the rule to be paid, and refusal by him to accept same; also a request by attorney for appellant to an employe of attorney for appellees, that he go with him to the court to there accept payment, which such employe declined to do. Upon this motion and showing, an order was entered by the Circuit Court on March 1, 1898, vacating the order of January 15, 1898, and reinstating the cause upon the docket of the Circuit Court.

On the 27th of April, 1898, another order was entered by the Circuit Court vacating the order of March 1, 1898.

From this last order appellant prosecutes the appeal here.

W. H. UTT and E. J. DAHMS, attorneys for appellant.

CONSIDER H. WILLETT, attorney for appellee.

After a term has expired a court has no discretion or authority at a subsequent term to set aside a judgment. Cook v. Wood, 24 Ill. 295.

This court has uniformly and in a number of cases held that after the expiration of the term of court at which the judgment has been rendered the same court that rendered the judgment has no supervisory power over it at a subsequent term, except to amend it in mere matter of form, on notice to the opposite party.    Lill v. Stookey, 72 Ill. 495.

After the expiration of the term at which the new trial in ejectment has been awarded under the statute, the order for a new trial will become conclusive and the court will have no power to set aside such order, even though all the costs have not been paid.    Cook County v. Calumet, Chicago C. & D. Co., 131 Ill. 505.

A motion to set aside a judgment by default comes too late at a term subsequent to that at which the judgment was obtained.    Messervey v. Beckwith, 41 Ill. 452; Coursen v. Hixon, 78 Ill. 339.

A material amendment of a decree at a subsequent term of court is unauthorized and erroneous.    Bryant v. Vix, 83 Ill. 11.

It is a well settled rule that after a term has expired a court has no authority or discretion at a subsequent term to set aside a judgment or to amend it except in matters of form, and for the purpose of correcting clerical errors.    Ayer v. Chicago, 149 Ill. 262.

Mr. Justice Sears delivered the opinion of the court.

The first order entered, which was in effect a rule upon appellant to pay the costs of transcript and appeal, was proper, and upon failure to comply therewith the court could dismiss the appeal.    Meserve v. Delaney, 112 Ill. 353.

There was here no actual compliance with the rule, but there appears to have been such attempt to comply therewith as would, had it been brought to the attention of the Circuit Court, have availed with the court against the entering of the order dismissing the appeal.

The question presented is whether, upon this state of fact, the Circuit Court had power, at the February term, to set aside and vacate its judgment of January 15, 1898, which

was of the December, 1897, term.   Appellant contends that there was such error in fact in the entering of the judgment of January 15th, as warranted the court in setting it aside after the expiration of the judgment term.

The common law writ of error *coram nobis* is abolished in this State, but in lieu thereof we have a statutory provision which substitutes a motion as a method of reaching the errors which were at common law reached by the writ.   The statute, Sec. 67 of the Practice Act, is as follows:

" The writ of error *coram nobis* is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which by the common law could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing made at any time within five years after the rendition of final judgment in the case, upon reasonable notice," etc.

But the error of the Circuit Court, if any there were, was not such as could be reached at common law by the writ of *coram nobis.*

The scope of the writ has been defined by text writers and courts, as follows:

" If a judgment in the King's Bench be erroneous in matter of fact only, and not in point of law, it may be reversed in the same court, by writ of error *coram nobis,* or *quæ coram nobis resident,* so called from its being founded on the record and process, which are stated in the writ to remain in the court, etc.; as when the defendant, being under age, appeared by attorney, or the plaintiff or defendant was a married woman at the time of commencing the suit, or died before verdict or interlocutory judgment; for error in fact is not the error of the judges, and it is not reversing their own judgment."   2 Tidd's Practice (3d Am. Ed ), 1136–7.

In Birch v. Trist, 8 East, 415, the court said :

" Before a writ of error *coram vobis,* it not being a writ of right, is allowed, there must be an affidavit of some error in fact, by which, in case the fact to be assigned for error is true, the plaintiff's right of action will be destroyed," citing Ribout v. Wheeler, Sayer, 166.

" A writ of error may be brought in the same court for an error in fact; thus, when an erroneous judgment is given in matters of fact only, and not in point of law, it may be

reversed in the same court by writ of error, which is some-
times called *coram vobis*, but more correctly, *coram nobis;*
as where the defendant, being under age, appeared by
attorney; or the plaintiff or defendant was a married woman
at the time of commencing the suit, or died before verdict
or interlocutory judgment. But if the error be in the judg-
ment itself, and not in the process, a writ of error does not
lie in the same court, but must be brought in another."
Jaques v. Cesar, 2 Saunders, 100, note.

The Supreme Court of the United States, in Picketts v.
Legerwood, 7 Peters, 147, defines the scope of the writ
thus:

" The cases for error *coram vobis* are enumerated without
any material variation in all the books of practice, and rest
on the authority of the sages and fathers of the law. I
will refer to the pages of Archibald for the following enu-
meration : ' error in the process, or through default of the
clerk; error in fact, as when the defendant, being under
age, sued by attorney, in any other action but ejectment;
that either plaintiff or defendant was a married woman at
the commencement of the suit, or died before verdict or
interlocutory judgment, or the like.' But all the books
concur in quoting the language of Rolle's Abridgment, p.
749, ' that if the error be in the judgment itself, and not in
the process, a writ of error does not lie in the same court,
but must be brought in another and superior court.' "

" From the presumption that a judgment could only be
valid when given between persons capable of being parties
to a suit, it was deduced as a consequence in the Roman
law that a judgment against a party, who at the time of
giving it was dead, was null. It is so likewise by the com-
mon law. The principle is applied, whether the judgment
be against one not existing, or against one under legal
incapacity. The matter not appearing on the record can
not be assigned as error in law, on motion in arrest of
judgment, or on a writ of error from a higher court. Yet
it may in the same court be assigned as error in fact upon
a writ of error *coram nobis* or *coram vobis*," etc. 7 Robin-
son's Practice, p. 157.

In Crawford v. Williams, 1 Swan. 341, the court said of
this writ:

" It is true that nothing can be assigned for error in fact
that appeared and was adjudged in the former suit, or

which contradicts the record of that suit." Citing Bac. Ab., title " Error."

" The writ of error *coram nobis* is not intended to authorize any court to review and revise its opinions; but *only to* enable it to recall some adjudication, made while some fact ·existed, which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court." Freeman on Judgments, Sec. 94.

It is apparent from these authorities that the fact upon which the error is predicated, in order to avail under this writ, must be matter not part of the issues tried by the court, but something *aliunde*, which, if presented to the court at the trial, would have absolutely precluded the judgment as rendered, and not a fact merely bearing upon the·issues adjudged, however conclusive it might have been of such issues. It is at least questionable if the scope of the writ at common law, and hence of the motion, which is here a substitute for it, is not limited by well established practice to such cases as are enumerated in the text and decisions above quoted. But it is in any event quite clear that it has never had, in the practice of the common law, a scope wide enough to reach any error of fact, which was embraced in the conclusion of the court upon the issues of fact adjudged, whether error in passing upon facts submitted or an erroneous conclusion, because certain facts, which would have been conclusive of the issues, were not presented. The decisions in this State are in accord with the authorities cited, so far as the question has been considered, and certainly do not extend the limits suggested by these authorities. Sloo v. State Bank, 1 Scam. 428; Beaubien v. Hamilton, 3 Scam. 213; Lyon v. Boilvin, 2 Gil. 629; Peak v. Shasted, 21 Ill. 137; Cook v. Wood, 24 Ill. 295; McKindley v. Buck, 43 Ill. 488; Stoetzell v. Fullerton, 44 Ill. 108; Mains v. Cosner, 67 Ill. 536; Courson v. Hixon, 78 Ill. 339; Fix v. Quinn, 75 Ill. 232; Claflin v. Dunne, 129 Ill. 241.

The issue of fact presented to the Circuit Court, and upon which its judgment of January 15th was based, was

compliance or failure to comply with the rule to pay costs. The fact upon which error is here predicated is the fact of a tender of the costs, which bore directly upon the issues adjudicated. Such error could not have been reached under the common law practice by a writ of error *coram nobis.* Hence it can not be corrected after the term upon motion under our statute. The cases which are cited in the arguments in relation to the power of the court to amend its own record and judgment after the term, when there is something to amend by, are not in point. Such amendments are limited to corrections in affirmance of the judgment of the past term. Jansen v. Grimshaw, 125 Ill. 468; Fielden v. People, 128 Ill. 595; Ayers v. Chicago, 149 Ill. 262.

Here the attempt was, not to amend in affirmance of the judgment, but to vacate and set aside the final judgment of a prior term.

It is argued that the court had not jurisdiction to enter the order of January 15, 1898. There can be no question that the court had then jurisdiction both of the subject-matter and the parties. But the court had no power to enter the order of March 1, 1898, and that order was, therefore, wholly inoperative and void. There was no error in eliminating this void order from the record by the order of April 27, 1898. Keeler v. People, 160 Ill. 179.

The judgment is affirmed.