### Frank R. Utley and Charles M. McMahon v. William A. Cameron, Trustee.

1.  PRACTICE—*Motions to Set Aside Defaults.*—The court has no jurisdiction of a motion to set aside a judgment rendered at the next preceding term, except on some ground which would be sufficient for setting it aside on writ of error *coram nobis.*

2.  PRESUMPTIONS—*That the Court Acted Correctly.*—Where the record fails to show to the contrary the presumption is that the court below acted correctly, and will prevail until an error is shown to have been committed.

3.  ERROR CORAM NOBIS—*What May be Assigned Upon.*—Only errors of fact may be assigned in support of a writ of error *coram nobis.*

Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.  Heard in this court at the October term, 1899. Affirmed.   Opinion filed February 5, 1900.

BURRAS & WILCOXON, attorneys for plaintiffs in error.

PARKER & PAIN, attorneys for defendant in error.

Mr. Justice Adams delivered the opinion of the court.

Defendant in error sued plaintiffs in error in assumpsit for the alleged breach of a written contract. Summons issued September 8, 1898, returnable to the September term, 1898, of the court, which term commenced September 19th. Service was had on Frank R. Utley September 8th, and on Charles M. McMahon, the other plaintiff in error, September 12, 1898. October 12, 1898, an order was entered extending the time to file appearance or plead to October 20, 1898. The transcript, under date October 20, 1898, contains the following:

"And afterwards, to wit, on the 20th day of October, A. D. 1898, two certain demurrers were filed in the office of the clerk of said court by Burras and Wilcoxon. And thereupon, on the same day, to wit, the 20th day of October, A. D. 1898, a certain appearance of Utley and McMahon was filed in the office of the clerk of said court by Burras and Wilcoxon."

October 20, 1898, an order defaulting plaintiffs in error for want of a plea was entered, and November 19, 1898, at the October term, 1898, of the court, the court assessed the damages of defendant in error at the sum of $2,000, and rendered judgment accordingly. December 17, 1898, the same being one of the days of the November term, 1898, of the court, plaintiffs in error moved the court " to amend the record herein by expunging therefrom the order entered herein October 20, 1898, defaulting them for want of a plea, and to set aside the judgment rendered herein on said order of default November 19, 1898, to recall the execution issued upon said judgment, and to release any levy that may have been made by virtue of said execution."

In support of this motion plaintiffs in error filed the affidavits of H. T. Wilcoxon and Charles H. Burras. Wilcoxon deposed, in substance, that the affiant is a member of the firm of Burras & Wilcoxon, attorneys for Utley and McMahon; that October 15, 1898, he prepared separate general demurrers to the declaration for each of said parties, and left them with Charles H. Burras, his partner; that he left the city of Chicago October 15, 1898, and returned October

20, 1898, and on his return asked Burras, his partner, whether he had filed the demurrers, and Burras said he had; that affiant had no knowledge of the order of default, or of the final judgment, till December 10, 1898, when he called on the attorneys for defendant in error to procure from them a stipulation to set aside the default; that they not being in, he again called on them December 12, 1898, to procure such stipulation; when they informed him that they would look into the record and, if satisfied that it should be done, they would sign such stipulation; that December 13, 1898, said attorneys refused to sign the stipulation. Affiant further says that the register in the office of the clerk of the court shows that appearances of and separate demurrers for Utley and McMahon were filed by their attorneys, Burras & Wilcoxon, October 20, 1898, and that the office docket of Burras & Wilcoxon shows that said appearances and demurrers were filed October 20, 1898, and that affiant is informed by Burras and believes that said appearances and demurrers were so filed before the hour of 9:30 A. M., and before the opening of court, October 20, 1898.

C. H. Burras deposes that October 20, 1898, before the hour of 9:30 A. M., and before the opening of court, he filed with the clerk the appearances of Utley and McMahon, and also separate demurrers to the declaration for each of them, and that he had no knowledge of the order of default or final judgment until December 20, 1898, and had no occasion to examine and did not examine the files after October 20, 1898. This affidavit was sworn to December 14, 1898.

Following the last mentioned affidavit, in the bill of exceptions, is another affidavit of C. H. Burras, which purports to set up defense on the merits, the jurat to which affidavit is as follows:

" Subscribed and sworn to before me this 21st day of December, 1898.

C. H. Burras,

[Seal.]    H. H. Cazier,

Notary Public."

December 17, 1898, the court overruled the motion of plaintiffs in error to expunge from the record the order of

default, and set aside the judgment, etc., and to reverse this ruling is the object of this suit.

The motion having been made at the November term, 1898, of the court, the court had no jurisdiction to set aside the judgment rendered at the next preceding October term, except on some ground which would be sufficient for setting it aside on writ of error *coram nobis.* Counsel for plaintiffs in error contend that there is such ground, citing Lyon v. Barney, 1 Scam. 387. In that case the court says:

"The record, which is our only means of ascertaining the facts in the cause, shows the plea to have been entered previous to the rendition of the judgment. In order of time it precedes the judgment on the record, and no presumption can be raised to contradict the record."

It is evident from the language quoted that there was a plea in the record of the case cited, and also that the court was able to determine from the record that the plea was filed before judgment was rendered. In the present case there is no demurrer in the record, nor are we able to determine from the record that there was a demurrer filed before the order was entered defaulting plaintiffs in error. The entry, "two certain demurrers were filed," etc., is under the date October 20, 1898. Next after this entry in the record, under the date November 19, 1898, is the assessment of damages at the sum of $2,000, and final judgment therefor, and next after the final judgment, under date October 20, 1898, is the defaulting order. Counsel contend that, although the entry that demurrers were filed and the entry of the order of default were made on the same day, yet, as the former precedes the latter in the transcript, it must be presumed that it preceded the latter in point of time; but it conclusively appears from the transcript that the proceedings do not appear in it in the chronological order in which they occurred. The final judgment was rendered November 19, 1898, yet in the transcript it precedes the order of default, which was entered October 20, 1898.

In Schuh v. D'Oench et al., 51 Ill. 85, a demurrer to the declaration was filed and a default entered the same day, and the error assigned was the same as is assigned in this

Utley v. Cameron.

case.  The only difference between that case and this seems to be that in that case there was a demurrer in the record, while in this there is none.  The court say:

"The only error assigned on this record is that the court below rendered judgment by default when defendant's demurrer to the declaration had not been determined.  The demurrer was filed on the 7th of April, and the default was entered on the same day.  But there is nothing in the record from which it can be determined which was the prior act.  Had the clerk kept a minute book in which he had noted each step taken in the progress of the business of the court, in the order in which it occurred, there would have been no difficulty in knowing which was the precedent act.  But in the absence of such an entry we are left to conjecture alone, and it would not be proper for us to presume merely from the fact that both acts were of the same date that the filing of the demurrer was prior in point of time.  We must presume that the court below acted correctly, until error is shown to have been committed.  And this record fails to show that any exists."

In making up a transcript it is usual and proper for the clerk to enter in the transcript, immediately before the copy of a pleading, the date when it was filed, which date he necessarily gets from the filing mark on the document.  In the present case, there being no demurrers in the record, we can not understand from the record from what source he could have ascertained that "two certain demurrers were filed."  Pleadings are not required to be recorded (1 S. & C.'s Stat., Chap 25, Sec. 14); the clerk was only authorized to make the entry in case the demurrers were on file and copied into the transcript, and if the demurrers were not on file, the entry would seem to have been unauthorized.

It must be presumed that all the pleadings in the cause were before the court when the order of default was made.  The order expressly adjudicates that plaintiffs in error had failed to plead to the declaration.  Such is the record, and it can not be contradicted by affidavits.  Lyon v. Barney, *supra;* Mains v. Cosner, 67 Ill. 536, 539.

In Crawford v. Williams, 1 Swan. (Tenn.) 341, 346, which was error *coram nobis*, the court say:

"It is true that nothing can be assigned for error in fact

which appeared and was adjudged in the former suit, or which contradicts the record of that suit. Bac. Ab., title, Error. And in Birch v. Trist it is said that the error in fact must be of such a nature as, if true, will destroy the plaintiff's right of action. 8 East, 415."

Only errors of fact can be assigned in support of a writ of error *coram nobis*. Crawford v. Williams, *supra;* 2 Tidd's Practice, 1136–7; Maple v. Havenhill, 37 Ill. App. 311, 314; Est. of Jno. C. Gould v. Watson, 80 Ib. 292.

If, as contended by counsel, demurrers were filed, then, in legal contemplation, they were before the court when the order defaulting plaintiffs in error was entered, and the error of entering that order without first passing on the demurrers, was an error of law which can not be questioned on error *coram nobis*. The reason that on error *coram nobis*, an error of the court in deciding a question of law or adjudicating a question of fact, can not be taken advantage of, is, that a trial court can not, after the term has passed, review its decisions. The remedy in such case is by writ of error from or appeal to a higher tribunal.

We have not considered the affidavits, for reasons heretofore stated, and the affidavit sworn to December 21, 1898, could not be considered in any event, because the order overruling the motion of plaintiffs in error was entered December 17, 1898, four days before the affidavit was sworn to, and it could not have been used as an affidavit on the hearing, and therefore the matter contained in it could not have been considered by the trial court on the hearing of the motion.

The order overruling the motion of plaintiffs in error will be affirmed.