## Consolidated Coal Co. v. Fred. G. Oeltjen, Conservator.

1. APPELLATE COURT PRACTICE—*Objections to Be Made in the Trial Court.*—A party who participates in the hearing of a motion in lieu of a common law writ of error *coram nobis* in the trial court, without objection, and fails to suggest that any fact averred in the motion should be tried by a jury, or to object to the court's hearing the motion without a jury, should not be heard in the Appellate Court to complain of such action by the trial court.

2. PRACTICE—*Upon Motions in Lieu of Writs of Error Coram Nobis.*—On the hearing of a motion as a substitute for the common law writ of error *coram nobis*, it is the practice to hear such motions upon affidavits and without a jury.

3. SAME—*Right of Parties to Have Errors Corrected.*—It is the right of a party to have errors corrected by the court in which they are committed.

4. STATUTES—*Construction of the Act Abolishing the Writ of Coram Nobis.*—The term " error in fact " as used in the act abolishing the common law writ of error *coram nobis* is to be construed as applying to parties insane, under legal age, deceased persons and the like, where the character or disability of such persons is not properly brought to the attention of the court.

5. DAMAGES—*$5,000 Not Excessive.*—A coal shoveler was in the cage of the defendant's mine when it fell to the bottom of the shaft, a distance of 150 feet, by which the bones of his right ankle were so badly crushed and the flesh so badly torn that the bones protruded, making it necessary for him to have the limb amputated about fourteen inches below the knee.    At the time of the injury he was earning from $1.65 to $1.70 a day.    It was held that a verdict for $5,000 is not so large a sum as alone indicates such passion or prejudice on the part of the jury as warrants the Appellate Court in reversing a judgment otherwise correct.

**Trespass on the Case,** for personal injuries.    Appeal from the Circuit Court of Macoupin County; the Hon. ROBERT B. SHIRLEY, Judge,

presiding. Heard in this court at the May term, 1900. Affirmed.
Opinion filed September 11, 1900.

Charles W. Thomas, attorney for appellant.

Section 67 of the practice act (Hurd's Ed. of 1897) abolished the common law writ of error *coram nobis*, which otherwise would possibly have been the remedy in this case, and established a motion in writing in its stead. The purpose of this legislation was to simplify the proceedings and do away with the cumbersome method made necessary by the rules of the common law. It did not change or affect any of the substantial rights of either of the parties. Upon a writ of *coram nobis*, an issue of fact was always made up and tried as any other issue of fact is tried in a case at law. Adler v. State, 35 Ark. 517; Sanders v. State, 85 Ind. 318; Fellows v. Griffin, 9 Smed. & M. 362 (Miss.); Keller v. Scott, 2 Smed. & M. 81.

And the issues in the original action are never involved in a writ or motion *coram nobis*. McPherson v. Wood, 52 Ill. App. 170; State v. Calhoun, 50 Kan. 523; Breckinridge v. Coleman, 7 B. Monroe, 331.

The fact that a motion *coram nobis*, as it is called in McPherson v. Wood, 52 Ill. App. 170, has been substituted for a writ of error *coram nobis*, does not change the practice, except as to the method of getting the case before the court for review. Cursen v. Hixon, 78 Ill. 341.

Rinaker & Rinaker and Zink, Jett & Kinder, attorneys for appellee.

At common law, if a judgment of a *nisi prius* court was erroneous in matters of fact only, and not in matters of law, it could be reversed in the same court by writ of error *coram nobis* or *vobis*. This writ has never been in use in this State, and had fallen into desuetude even before the enactment of the statute hereinafter referred to, the object to be attained thereby being sought by the more summary method of motion. But by section 67 of the practice act the writ of error *coram nobis* was abolished and it was provided that all errors of fact committed in the proceedings

of any court of record, and which by the common law could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing made at any time within five years after the rendition of final judgment in the case.   The office of the writ, and under our statute of the motion, is to bring the attention of the court to, and obtain relief from, errors of fact, such as the death of either party pending the suit and before judgment therein; or infancy, where the party was not properly represented by guardian; or coverture, where the common law disability still exists; or insanity at the time of judgment.   6 Am. & Eng. Ency of Law, 811; 5 Ency. of Pleading & Practice, 27; Estate of Gould v. Watson, 80 Ill. App. 242.

The right of a party to have errors of fact corrected by the court in which they were committed is recognized by the courts as a common law right and this may be done by motion at a term subsequent to the judgment.   Mains v. Cosner, 67 Ill. 536; Peak v. Shasted, 21 Ill. 137.

Where no objection is made in the court below to proving a fact in a certain way, or by a particular person who may be incompetent, it can not be urged on appeal or error. (So held where affidavits were used without objection to prove a certain fact.)   Gillett v. Booth, 95 Ill. 183; Conden v. Brockway, 157 Ill. 90; First Nat. Bank v. Pierce, 99 Ill. 272.

Mr. Justice Burroughs delivered the opinion of the court.

This was an action on the case, brought at first by Frederick Bolliger against appellant in the Circuit Court of Macoupin County, where on February 10, 1898, it was dismissed under the authority contained in a power of attorney executed by Bolliger on December 18, 1897, but was afterward, on February 6, 1900, reinstated by a motion presented to that court by appellee, as the conservator of Bolliger, he having been appointed such conservator by the County Court of that county on April 3, 1899.   After the case was reinstated, the declaration was amended by sub-

stituting appellee (as such conservator) as plaintiff instead of Bolliger.

The declaration as originally drawn, and as amended, charged that Bolliger received personal injuries while he was in the service of appellant by reason of the negligence of appellant, and claimed damages therefor.

After the case was reinstated and the declaration amended to show substitution of appellee as plaintiff, appellant pleaded first, a subsequent suit pending in the same court between the same parties, and for the same cause of action in abatement of the writ, but that plea being demurred to and demurrer sustained, appellant pleaded not guilty in bar of the action.

The case was then tried by jury and resulted in a verdict and judgment against appellant for $5,000, to reverse which appellant prosecutes this appeal and urges as grounds therefor (1) that the court improperly heard appellee's motion to vacate the judgment without a jury; (2) the court improperly allowed the motion upon improper and insufficient evidence; (3) the court admitted improper evidence before the jury; (4) the court gave an improper instruction; and (5) that the court improperly overruled appellant's motion for a new trial as the verdict was excessive.

At the same term of the Circuit Court at which this case was pending, there was also pending against appellant, similar cases by Seniger, Henry, Bangert, Rause, Ficker and De Vies, each of whom therein respectively claimed to have been personally injured by the same negligence of appellant that caused Bolliger's injuries. To economize time, and save expenses, the parties in the seven cases stipulated in writing that the Seniger case should be tried first, and if a verdict was returned for him, the remaining six cases should each be then tried with respect to the amount of damages alone, and verdicts returned in each, similar to the one in the Seniger case, with the amount of damages the jury should find for each of the other plaintiffs respectively, but if a verdict be returned for the defendant in the Seniger case, then a verdict for the defendant should be entered in

each of the other cases; and that each of the cases not tried should abide the final result of the Seniger case when tried.

The Seniger case was tried and resulted in a verdict and judgment against appellant for $3,000, which was afterward affirmed in the Appellate and Supreme Courts.   179 Ill. 370, and 79 Ill. App. 456.

On December 18, 1897, after the Seniger case had been tried and a verdict returned therein, Bolliger executed the following power of attorney:

"I do hereby constitute and appoint Frank W. Burton my attorney in fact to dismiss a certain action pending in the Circuit Court of Macoupin County, Illinois, wherein I am plaintiff and the Consolidated Coal Company of St. Louis is defendant.   I have received from said company full satisfaction of the damages by me claimed in said action, and hereby ratify and confirm any and every action my said attorney may do hereunder.

Dated this 18th day of December, A. D. 1897.

FREDERICK BOLLIGER.

Witness:  P. H. Carroll.       [SEAL.]"
          Fred W. Carroll.

Which was afterward filed in the Bolliger case, and the court, on February 10, 1898, dismissed his case "as per power of attorney on file."

On April 3, 1898, appellee was appointed by the County Court of Macoupin County, conservator of Bolliger; and on January 24, 1900, he, as such conservator, filed in the Circuit Court of that county, a motion in writing, verified by his affidavit, asking the court to set aside and vacate its order dismissing Bolliger's case, and to enter an order to reinstate it, on the ground that such dismissal was improperly entered in pursuance of the power of attorney, dated December 18, 1897, which was signed by Bolliger, when at that date, and the date of the dismissal, he was *non compos mentis*, had no conservator or other legal guardian, and it averred that he is still *non compos mentis*.

On January 30, 1900, appellee, by leave of court, filed a number of affidavits supporting the averments of his motion as to the mental condition of Bolliger as therein

stated; and on February 2, 1900, the court ruled appellant to present counter affidavits, which was not done, but appellant entered into a written stipulation with appellee to the effect that for the purposes of the motion, it should be considered (1) that appellee as such conservator had, on May 12, 1899, begun a second suit against appellant in the Circuit Court of Macoupin County, upon the same cause of action as that sued upon in the case sought to be reinstated, which second suit is still pending and undetermined; (2) that the attorneys of record for Bolliger in the case sought to be reinstated, had notice of the execution of the power of attorney by virtue of which the same was dismissed and protested orally in the court against such dismissal; (3) that the stipulation above mentioned concerning the agreement to try the Seniger case first and the Bolliger case afterward upon the question of damages alone, etc., was made, and that that case had been tried with the result above stated.

On February 6, 1900, the motion was heard by the court without objection, upon the above mentioned affidavits and stipulation, which were submitted by appellee without objection; and upon the above mentioned power of attorney which was submitted by appellant; and the court allowed appellee's motion, set aside its order dismissing the case, and reinstated it, appellant excepting.

Appellee then, over the objection and exception of appellant, was permitted to amend the declaration so as to show that he (as such conservator) was substituted for Bolliger as plaintiff.

Appellant then obtained leave to withdraw its plea of not guilty, and to present a plea in abatement, setting up the pendency of the second suit instituted by appellee as such conservator, against appellant as set forth in the first part of the stipulation last above referred to, alleging that the second suit was for the same cause of action as the first.

The court sustained a general demurrer to the plea in abatement, after which appellant pleaded not guilty to the amended declaration, and a trial was had by jury with the result above stated.

The evidence shows that Bolliger was in the cage of appellant's mine at Staunton, Illinois, with Seniger and others, when it fell to the bottom of the shaft, a distance of about 150 feet; that by the fall, the bones of Bolliger's right ankle were so badly crushed and the flesh so badly torn that the bones protruded, making it necessary for him to have that leg cut off about thirteen or fourteen inches below his knee; and that his left ankle was also sprained by the fall, and has caused him pain ever since, which may continue somewhat all his life; that he paid $86.50 to the doctor for amputating his leg and treating his wounds, and that he was, when injured, a coal shoveler after a machine, and earning from $1.65 to $1.70 a day.

Counsel for appellant contends that section 66 of our practice act, which abolishes the common law writ of error *coram nobis*, and substitutes a written motion in its stead, was enacted merely for the purpose of simplifying the cumbersome method of proceeding under that writ at common law, but does not change or affect the substantial rights of either party; and when a motion, such as the statute substitutes for the writ, is made, an issue of fact should be made up and tried by jury as any other fact is tried in a case at law, so that the court ought not to have heard appellee's motion without a jury upon *ex parte* affidavits.

It is a sufficient answer, we think, to that part of the contention which questions the correctness of the court's action in hearing and determining appellee's motion without a jury upon *ex parte* affidavits, that the record shows that appellant was in court resisting the motion, and that its counsel did not then even suggest that any fact averred in the motion should be tried by a jury, or object to the court's hearing the motion without a jury upon the affidavits, or object to the affidavits when they were offered, because they were not competent evidence; but on the contrary, its counsel participated in the hearing by stipulating with appellee's counsel as to certain matters which the court should consider, and its counsel then submitted the power of attorney which Bolliger had signed for the consideration of the court,

and therefore it should not be heard in this court, to complain of that action of the trial court.   Washington v. L. & N. R. R. Co., 136 Ill. 49; Chicago, etc., R. R. Co. v. Ward, 128 Ill. 349, and L., N. A. & C. Ry. Co. v. Shires, 108 Ill. 617. Besides, appellee's motion was made in strict accordance with the provisions of said section 66 of our practice act, and the court in hearing his motion without a jury, upon affidavits, pursued the practice usually followed in such cases. Peak v. Shasted, 21 Ill. 137; Mains v. Cosner, 67 Ill. 536, and Claflin v. Dunne, 129 Ill. 241.   In the Claflin case, *supra*, the statement of the case on page 242, shows that " on the application to vacate the judgment, it was proven, by affidavits and by an exemplified copy of the will of Horace B. Claflin, and probate thereof, that he died on the 14th day of November, 1845."   The death of Claflin before the judgment sought to be vacated was entered, was by a written motion presented to the court in which the judgment was entered at a former term, and was the question of fact to be determined in order to sustain the motion.

" The right of a party to have errors of fact corrected by the court in which they are committed, was recognized as a common law right in  Sloo v. State Bank, 1  Scam. 436; Beaubien v. Hamilton, 3 Scam. 213, and Peak  v. Shasted, 21 Ill. 137."   Mains v. Cosner, 67 Ill. 536.   And the statute (paragraph 67, Sec. 66, Starr & Curtis' Ill. Statutes, 1896) expressly authorizes " all errors in fact committed in the proceedings of any court of record, and which by the common law could have been corrected by said writ (*coram nobis*), may be corrected by the court in which the error was committed, by motion in writing, made any time within five years after the rendition of final judgment in the case, upon reasonable notice."   And the courts have construed the meaning of "all errors in fact," as used in the statute, to apply to such as " the defendant being under age and appeared by attorney, or  the plaintiff or defendant was a married woman at the time of commencing the suit, or died before verdict or interlocutory judgment."   2 Tidd's Practice (3d Am. Ed.,) 1136-7; Jaques v. Cosar, 2 Saunders, 100,

note; Picketts v. Legerwood, 7 Peters 147, and Gould v. Watson, 80 Ill. App. 242.

And to apply to such as "the party is insane, an infant, or a *feme covert*, or has died before verdict, and the court renders judgment" (Day v. Hambaugh, 1 Brown (Pa.), 75) and to "an infant, dead person, married woman, or the like" when a judgment is taken against them, and the character or disability of such persons are not properly brought to the attention of the trial court. Life Association of America v. Fassett, 102 Ill. 315 (p. 330).

Appellant's contention that appellee could not properly obtain a vacation of the judgment of dismissal by the trial court after the end of the term at which the suit was dismissed, is without force in the case at bar, because here appellee was not seeking to vacate a judgment of a former term by reason of an error of law, but one in fact, such as comes within the express provision of the statute referred to; and has pursued the course expressly directed by the statute, within the time allowed thereby.

Besides, after the court set aside its former order of dismissal, reinstated Bolliger's case, permitted the declaration to be amended, and appellee, as his conservator, to be substituted as plaintiff, appellant was given an opportunity to plead to the amended declaration in any way that it should desire, in order to properly present to the consideration of a jury any facts which would defeat appellee in recovering upon the cause of action set out in the declaration as amended, or which would abate the writ in that case.

Appellant's counsel further insists that the court ought not to have allowed appellee's motion, because it appeared on the hearing thereof, that appellee, as such conservator, had another suit pending in the same court against appellant for the same cause of action, and that the evidence was not sufficient to show that Bolliger was *non compos mentis* when he signed the power of attorney; but we are of opinion such insistance ought not to prevail, because in hearing the motion, the court was called upon to determine from the evidence before it (1) whether Bolliger was or was not

*non compos mentis* at the times stated in the motion, and if so, was he properly represented by a conservator, a legal guardian or a next friend when his suit was dismissed (Mc-Pherson v. Wood, 15 Ill. App. 170); but no such question as the pendency of another suit between the same parties for the same cause of action, in the same court, was then involved or determined; and the evidence contained in the affidavits offered by appellee in support of his motion, in the absence of anything to the contrary, abundantly proves that Bolliger was *non compos mentis* when he signed the power of attorney; and the record of the court in this cause shows he was only represented by an attorney when his suit was dismissed.

Appellant also insists that the court improperly permitted appellee, on the trial before the jury, to offer in evidence his letters of conservatorship; the stipulation concerning the Seniger case (being the one reported in 179 Ill. 370); the result of that case; and that the court improperly instructed the jury to find appellant guilty, when they were only called to assess the damages.

We are of opinion that appellant has no cause to complain of the court admitting the letters of conservatorship, because the declaration averred that appellee was such conservator; and while under the issue presented by it, and appellee's plea of not guilty, he was not required to prove that fact, appellant was not prejudiced by its being proven. And the stipulation, together with the result of the Seniger case, was properly admitted because the declaration charged appellant with negligence which appellee would, but for the stipulation and the result arrived at in the Seniger case, be compelled to prove, and therefore the stipulation and result of that case was properly admitted to enable the jury to understand why that proof was not otherwise made. And under that stipulation and the result of that case, the court very properly instructed the jury to find appellant guilty.

Lastly, it is urged that the court ought to have granted appellant's motion for a new trial because the verdict is excessive.

We do not consider that $5,000 for the injuries that Bolliger received, is so large a sum as alone indicates such passion or prejudice on the part of the jury as warrants us in reversing a judgment otherwise correct, when the trial judge, who saw Bolliger, had approved it, and the record fails to show any evidence calculated to arouse such passion or prejudice.

Finding no reversible error was committed in the proceedings of the Circuit Court in this case, and that the result reached is a proper one, we affirm the judgment appealed from.    Judgment affirmed.