DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

### DURING THE YEAR 1905.

---

### Augustus W. Green v. Union Elevated Railroad Company.

#### Gen. No. 11,459.

1. ERROR OF FACT—*what not, so as to authorize reinstatement of dismissed case after lapse of term.* The failure of the court dismissing a cause to be informed as to matters which would not have precluded the entry of such order, does not constitute such error of fact as will authorize the court after the lapse of the term at which the order of dismissal was entered, in setting the same aside and reinstating the cause.

2. DISMISSAL—*when order of, is final.* An order which reads: "This cause being this day called for trial and neither party appearing, it is ordered that the said cause be, and the same is hereby dismissed without cost for want of prosecution,"—is a final order disposing of the case, and does not merely amount to the striking of the case from the docket.

3. MOTION TO REINSTATE—*what matters cannot be reached by.* Errors in procedure cannot be subjected to review upon a motion to reinstate a cause, made after the lapse of the term at which the order of dismissal was entered.

Action on the case for damage to real property. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed January 20, 1905.

**Statement by the Court.** Appellant sued to recover damages to certain premises and buildings owned by him in Chicago, alleged to have resulted from the construction and operation by appellee of its elevated railroad upon Fifth avenue in said city. The declaration was demurred

(1)

to specially. It is stated by appellant's attorneys that a large number of similar suits were pending at that time, one or more of which were taken to the Supreme Court on appeal, and that pending the decision of that court on questions which were involved in the case at bar, this and other cases in like situation were not pressed for trial. Meanwhile one of appellant's attorneys, who, it is said, was actually in charge of the case, died. It is claimed that the other attorney of record for the plaintiff was not aware that his name had been attached to the papers filed as one of appellant's attorneys, and therefore gave the case no attention. At all events the cause was placed on the trial calendar, and upon the regular call of that calendar, January 24, 1902, was called for trial. No one appeared on either side, and the cause was therefore dismissed without costs for want of prosecution. No one seems to have discovered, or at least paid attention to, the order of dismissal, until about May 20, 1903, when the Supreme Court having meanwhile passed upon the questions said to be involved, appellant first learned, it is claimed, of the death of his said attorney, and that his suit had been dismissed. He then employed other counsel, and made a motion to set aside the order of dismissal. This motion was denied July 23, 1903. From the order of denial this appeal is prosecuted.

STORY, RUSSELL & STORY, for appellant.

CLARENCE A. KNIGHT and WILLIAM G. ADAMS, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is urged in appellant's behalf that the Superior Court erred in overruling the motion to set aside the order of dismissal entered more than sixteen months before the motion was made, first, because it is said the court was led to believe when it dismissed the suit that the plaintiff was represented by an attorney living and in practice, whose appearance, as well as that of the attorney deceased, was in the files of the cause, and therefore the court acted under a

mistaken impression of fact; second, because it is said the
trial court was not informed by its clerk that the cause was
not at issue and that the demurrer had never been disposed
of, nor the case placed on a contested motion calendar for
hearing under the rules; third, because the order of dis-
missal was not, it is claimed, a final judgment, but had the
effect merely to strike the cause from the trial calendar.
Affidavits were filed in support of the motion to reinstate,
to the effect that appellant had but one attorney actually
employed in the cause and that he died about six weeks
before the case was called on the trial calendar and dis-
missed; that he drew all the papers and was in fact the
only attorney in the case actually representing appellant.
It is claimed that the name and appearance of the other
attorney entered as representing appellant, were entered by
the deceased attorney on account of misunderstanding or
out of courtesy to his brother lawyer, through whom the
deceased had been employed in the cause.   It is contended
that the court when it dismissed the suit was not informed
of this alleged fact, and that the same court had power to
correct its action based on such an alleged error of fact, at
a subsequent term, under the provision of the statute which
abolished the writ of error *coram nobis* and provided that
"all errors in fact committed in the proceedings of any
court of record and which by the common law could have
been corrected by said writ, may be corrected by the court
in which the error was committed upon motion in writ-
ing made at any time within five years after the rendition
of final judgment in the case upon reasonable notice." R.
S., sec. 66, chap. 110.   In Est. of John C. Gould v. Watson,
80 Ill. App. 242, may be found a discussion of the scope of
the common-law writ of error *coram nobis* with citation of
authorities.   The conclusion is there stated (p. 247) that
the error of fact in order to be availed of under that writ
"must be matter not part of the issues tried by the court,
but something *aliunde*, which if presented to the court at
the trial would have absolutely precluded the judgment as
rendered and not a fact merely bearing upon the issues ad-

judged, however conclusive it might be of such issues." See also Bronson v. Schulten, 104 U. S. 410, 416–7. In the case at bar if the fact that appellant's active attorney had recently died, and the fact, if fact it was, that the name of the other attorney of record in the cause had been entered by mistake, had been brought to the attention of the court at the time the order of dismissal was made, it might not and probably would not have been entered; but the facts referred to nevertheless would not have absolutely precluded the rendition of the judgment of dismissal had the court deemed such judgment proper, and certainly could not have prevented its entry. It was not a question of the authority to enter the appearance of the attorney whose name remained of record in the case. The court had power to act as it did without reference to such appearance. It might for example have concluded that the failure of appellant to procure another attorney after the death of the one he had employed in the long interval between the death and the calling of the case, justified an inference that appellant had abandoned the suit, and the suit might have been dismissed on the call for that reason as well as for the reason that the attorney remaining of record was not attending to the cause. In such case no error in fact would be involved in any sense. It is clear, we think, that the alleged error in fact was not one which could in any event have been corrected under the writ of error *coram nobis* at common law, and it does not therefore come under the provision of the statute referred to.

What we have said applies to the second of appellant's contentions in like manner. The fact that no action had been taken in the case for so many months might very well justify the trial court, in the absence of positive information to the contrary, in supposing that the cause was abandoned, and in any event might readily appear a sufficient reason for dismissing it and removing it as dead wood from the dockets, even if the fact had been brought to the court's attention that there was a demurrer pending to the declaration, and that no motion had been made to place the cause

on the contested motion calendar.   Under the circumstances the order of dismissal cannot be regarded as a clerical mistake or misprision, as appellant's attorneys suggest.   It does not appear to have been due to any default of the clerk.

It is suggested that the order of dismissal was not a final order.   The order reads, " This cause being this day called for trial and neither party appearing, it is ordered that said cause be and the same is hereby dismissed without cost for want of prosecution."   This does not merely strike the case from the docket.   It is an absolute dismissal in language as to the meaning of which it would seem no different conclusion is possible.

The contention that it was error for the court to dismiss the suit instead of taking up and settling the question of law raised by the demurrer to the declaration, is not in point.   Any errors in procedure were subject to review on appeal or writ of error from the final order of the Superior Court.   They are not subject to review upon a motion to reinstate made after the expiration of the term when the trial court had lost jurisdiction.   Utley v. Cameron, 87 Ill. App. 71–76; Bronson v. Schulten, *supra* (p. 415).   The order of dismissal was a final order in the cause.   It disposed of the suit.   1 Black on Judgts., secs. 26–27; Johnson v. Gillett, 52 Ill. 358–360.

Finding no error, the order denying the motion to set aside the dismissal must be affirmed.

*Affirmed.*